979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles M. HEBESTREIT, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Emmett R. Baylor; Clarice Stovall;
Dorothy Goodlow; Gary Kuiep, Defendants-Appellees.
 No. 92-1601.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles Hebestreit claimed that defendants, employees of the Michigan Department of Corrections, violated his constitutional rights under the First, Fourteenth, and Eighth Amendments by confining him in administrative segregation. Hebestreit requested monetary, declaratory and injunctive relief; he sued defendants in their individual capacity.
 
 
 3
 In an order of partial dismissal, the district court dismissed claims against Robert Brown, Jr., and Emmett Baylor because Hebestreit failed to allege any personal involvement by these defendants. The district court then dismissed claims against defendant Gary Kuiep, a hearing officer, on the basis of absolute immunity.
 
 
 4
 The matter was next referred to a magistrate judge for consideration of claims filed against Clarice Stovall, acting deputy warden, and Dorothy Goodlow, a resident unit manager. Hebestreit alleged that he reported an assault against him by a corrections officer to defendant Goodlow. He alleged that defendant Stovall served him with notice of intent to change his security classification and after a hearing placed him in administrative segregation. Hebestreit maintained that defendants placed him in segregation with an intent to disrupt his litigation efforts, that confinement in administrative segregation deprived him of access to the law library and to regular religious services, and that the conditions of confinement were unlawful.
 
 
 5
 The magistrate judge recommended that defendants' motion for summary judgment be granted. Following de novo review in light of Hebestreit's objections, the district court granted the motion for summary judgment and dismissed the complaint.
 
 
 6
 At the outset, we note that Hebestreit does not argue on appeal that the district court erred by dismissing claims against defendants Brown, Baylor and Kuiep. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and are not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Material facts are not in dispute. Hebestreit argues on appeal that genuine issues of material fact exist concerning (1) the reason he was placed in administrative segregation, (2) the amount of exercise afforded to him, (3) the adequacy of the clothing he was provided while in administrative segregation, and (4) the defendants' mental states. However, the alleged factual disputes are not genuine because they do not affect the outcome of the lawsuit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 9
 Review of the record shows that Hebestreit received notice, a hearing and written findings to support the change in his security classification. See Hewitt v. Helms, 459 U.S. 460, 476 (1983). Whether defendants possessed a secret animus is not relevant to Hebestreit's Fourteenth Amendment due process claims.
 
 
 10
 Next, Hebestreit argues that genuine issues exist concerning the amount of outdoor exercise and clothing afforded to him while he was confined in administrative segregation. He maintained that defendants failed to provide the minimum access to outdoor exercise and clothing required by prison policy. However, the defendants' alleged failure to follow state policy by itself does not entitle him to relief under the Eighth Amendment. Hebestreit failed to demonstrate that the resulting conditions reflected a deprivation of "the minimal civilized measure of life's necessities." See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991).
 
 
 11
 Lastly, Hebestreit argues that a genuine issue exists as to whether defendants acted with deliberate indifference. However, any question of fact concerning the subjective component of Hebestreit's Eighth Amendment claims, see id., is not material because Hebestreit was unable to establish the objective component of his claims.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.